**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JUDD T. DAVENPORT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-CV-0535-CVE-TLW |
| ) | |
| **SUGAR MOUNTAIN RETREAT, INC.,** ) | |
| **TENKILLER BEHAVIORAL SERVICES,** ) | |
| **INC., DAVETTA I. MCINTOSH, and** ) | |
| **MARSENA A. MCINTOSH,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss and Brief in Support (Dkt. # 11). Defendants argue that plaintiff's amended complaint does not allege enough facts to state a plausible claim of disability discrimination, because plaintiff fails to identity his alleged disability. Plaintiff responds that he has purposefully chosen not to identify his disability due to the sensitive nature of his medical condition and, if more specific information is required, that he be permitted to file a sealed second amended complaint or proceed under a pseudonym.

**I.**

Judd T. Davenport alleges that he resided at Sugar Mountain Retreat, Inc. (Sugar Mountain),[1] and Sugar Mountain is a housing and residential care facility for mentally disabled or handicapped persons. He alleges that he is "disabled and/or handicapped because of a mental impairment and also has a particularly private and sensitive medical condition that also causes him to be disabled

---

[1] Plaintiff sometimes refers to defendant Sugar Mountain as "Shadow Mountain." See Dkt. 2-2, at 2, 3. This appears to be a typographical error and the Court will refer to this defendant as Sugar Mountain.

and/or handicapped." Dkt. # 2-2, at 2. He claims that Tenkiller asked plaintiff if he had a "certain private medical condition," and advised that this information would be kept confidential. Id. at 3. He "reluctantly" answered the question and asserts that he did not authorize disclosure of this information to any other person or entity. Id.

Davenport claims that Davetta and Marsena McIntosh, owners and managers of Sugar Mountain, informed him that a person with his condition could not reside at Sugar Mountain. They allegedly "compelled plaintiff to leave his residence in an extremely humiliating manner and informed others of this private medical condition, without [his] consent." Id. Davenport filed this lawsuit alleging claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the Fair Housing Act, 42 U.S.C. § 3601 et seq. (FHA), as well as unspecified claims under Oklahoma statutory and common law.  seeks compensatory damages, punitive damages, and injunctive relief.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, the Supreme Court recently held that Twombly "expounded the

2

pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

## III.

Defendants ask the Court to dismiss plaintiff's amended complaint under Rule 12(b)6) for failure to state a claim, because plaintiff has not alleged sufficient facts concerning his alleged disability for the Court to determine that he is a person with a disability. Plaintiff acknowledges that he has not provided any specific information about his alleged disability, but claims that it would violate his privacy to disclose this information unless he is permitted to file a seal amended complaint or proceed under a pseudonym.

Plaintiff's amended complaint asserts that he is a "person with disabilities and/or handicapped within the meaning of the [ADA and FHA]." Dkt. # 2-2, at 1. However, he does not identify or describe his alleged disability out of concerns for his privacy. He states:

> One of defendants' main concerns appears to be that plaintiff has failed to specifically identify his disabilities, a mental impairment and a specific sensitive medical condition that he alleges caused him to also be disabled. Plaintiff also alleges that this specific private medical condition is one covered by [OKLA. STAT. tit. 63, § 1-502.2] and that defendants have wrongfully disclosed this condition without his consent. Plaintiff candidly admits that he and his counsel have chosen

3

>   not to specifically name these matters in a pleading that is a public document. He
>   has attempted to preserve a certain degree of privacy, while still giving defendants
>   adequate notice of his claims.

Dkt. # 18, at 3. He claims that generally pleading that he is disabled or handicapped satisfies OKLA. STAT. tit. 12, § 2012, and defendants will be permitted to conduct discovery to gather more specific information about his condition. Id.

To assert a claim under the ADA or the FHA, plaintiff must allege that he is disabled or handicapped as that term is defined in each statute. See Kellogg v. Energy Safety Servs., Inc., 544 F.3d 1121, 1124 (10th Cir. 2008) ("The first element of a discrimination claim under the ADA is proof that the plaintiff has a qualifying 'disability' under the statute."); Keys Youth Servs, Inc. v. City of Olathe, KS, 248 F.3d 1267, 1273 n.5 (10th Cir. 2001) ("Of course, to prevail on a handicap discrimination claim, [the plaintiffs] must in fact be handicapped."). The ADA defines "disability" as:

>   (A) a physical or mental impairment that substantially limits one or more major life
>   activities of such individual;
>
>   (B) a record of such impairment; or
>
>   (C) being regarded as having such an impairment . . . .

42 U.S.C. § 12102(1). The definition of "handicap" provided by the FHA is nearly identical, except that the FHA expressly excludes addiction to a controlled substance as a handicap. 42 U.S.C. § 3602(h).

The Court finds that plaintiff has not alleged sufficient facts to state a claim of disability discrimination. Without more information, it is not possible for the Court to determine if plaintiff has a disability under the ADA or the FHA, and plaintiff's conclusory allegations are not sufficient under Twombly. See Twombly, 550 U.S. at 555 (courts are not bound to accept legal conclusions

in a complaint as true when reviewing a motion to dismiss). Plaintiff argues that his amended complaint "was more than sufficient in the standards applicable in Oklahoma courts where this matter was originally filed before removal." Dkt. # 18, at 3. However, the case was removed to federal court and this Court must apply Rule 12(b)(6), as interpreted in Twombly, to determine if plaintiff's amended complaint states a claim. To state a claim of disability discrimination, plaintiff must allege that he has a disability that falls within the definition of disability in the ADA and the FHA. Plaintiff asserts that he may generally plead this element of his claim, but provides no legal authority to support this argument. It is clearly established that not every illness, medical condition, or physical impairment is a disability under the ADA and the FHA. Quick v. Tripp, Scott, Conklin & Smith, P.A., 43 F. Supp. 2d 1357, 1366 (S.D. Fla. 1999) ("not every illness qualifies as an ADA disability, even if the disease is life-threatening); Hirsch for Estate of Hirsch v. National Mall & Service, Inc., 989 F. Supp. 977, 981 (N.D. Ill 1997) ("it is well recognized that not every illness is considered a disability and plaintiff always bears the burden of producing evidence to show that on the facts of the particular case the ailment at issue constitutes a disability for purposes of the ADA"). To determine if plaintiff has stated a claim, it is necessary for plaintiff to allege sufficient facts concerning his alleged disability.

  Plaintiff has proposed two alternatives that would permit him to proceed without disclosing his medical condition in a public document. First, he requests leave to file a sealed second amended complaint that provides more detailed information about his medical condition. Second, he requests

that the Court permit him to proceed using a pseudonym.[2] The Court will permit plaintiff to file a second amended complaint reasserting his federal claims, but he must provide additional information about his alleged disability as part of a public document.[3] For sound reasons, a plaintiff is not permitted to proceed with a case unless he is willing to give up some of his privacy. See M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998). This protects the defendant and the public from abuse of the judicial system, and it is reasonable to expect the person invoking the Court's jurisdiction to set aside some of his privacy. Many statutes, such as the ADA, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, et seq., require a plaintiff to set aside his or her privacy and disclose information that he or she may otherwise wish to keep confidential, and there is no indication that plaintiff's predicament differs from that of an ordinary litigant alleging such claims. The Court cannot accept plaintiff's assertion of a general right to privacy as a sufficient reason to set aside the requirement of notice pleading under Fed. R. Civ. P. 8(a), and plaintiff must allege sufficient facts to state a claim if he intends to proceed.

---

[2] Plaintiff did not follow the Court Clerk's directive to file these requests as separate motions. In his response to defendants' motion to dismiss, plaintiff raised these requests for relief. Dkt. # 13. The Court Clerk informed plaintiff that his filing would be treated as a response only, and he was directed to refile these requests as separate motions. Dkt. # 14. Plaintiff ignored the Court Clerks' directive and refiled his requests for relief as part of his amended response. Dkt. # 18. The Court will briefly discuss plaintiff's requests to proceed by sealed complaint or pseudonym to the extent necessary to rule on defendants' motion to dismiss but, if plaintiff intends to seek this relief, he must file a separate motion.

[3] The Court notes that plaintiff may choose not to reallege his federal claims and proceed under state law only. This case was removed to federal court based on federal question jurisdiction and, if plaintiff does not reallege his federal claims, the case will be remanded to the District Court of Tulsa County.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and Brief in Support (Dkt. # 11) is **granted**.  Plaintiff may file an amended complaint no later than **October 23, 2009**.

**DATED** this 16th day of October, 2009.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT